

**NUMBER 13-15-00123-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

LUCAS MORIN,                                                                  APPELLANT,

v.

THE STATE OF TEXAS,                                                          APPELLEE.

### On appeal from the 156th District Court
### of Bee County, Texas.

# ORDER

**Before Chief Justice Valdez and Justices Rodriguez and Garza
Order Per Curiam**

This cause is before the Court on appellant's counsel's failure to file the brief. On September 14, 2015, this Court granted appellant's second motion for extension of time to file the brief and appellant's motion to substitute counsel, directing appellant's new counsel, Deanna Brown Hogan, to file the brief on or before November 2, 2015.

Pursuant to Texas Rule of Appellate Procedure 38.8(b)(2), on November 5, 2015, the Clerk of the Court notified appellant's counsel that the brief had not been timely filed, requested counsel to file a response concerning the failure to file the brief within ten days, and warned counsel that the Court would abate and remand this cause to the trial court for appropriate findings if a response was not filed. Counsel nevertheless failed to file either a response or an appellate brief in this matter.

On January 5, 2016, we abated and remanded this case to the trial court for further proceedings pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate Procedure. We directed the trial court to utilize whatever means necessary to make appropriate findings and recommendations concerning the following: (1) whether appellant desires to prosecute this appeal; (2) why appellant's counsel has failed to file a brief and whether counsel has effectively abandoned the appeal; (3) whether appellant has been denied effective assistance of counsel; (4) whether appellant's counsel should be removed; and (5) whether appellant is indigent and entitled to court-appointed counsel. Upon remand, the trial court concluded that appellant desired to prosecute the appeal, appellant's counsel had not abandoned the appeal, and that the delay was caused, in part, by appellant's movement within facilities within the Texas Department of Criminal Justice system. The trial court found that counsel was representing appellant on a pro bono basis, that counsel should continue to represent the appellant, and that counsel should be ordered to file the brief by March 15, 2016.

The Honorable Deanna Brown Hogan did not file the brief and instead filed a third motion for extension of time to file the brief. According to her motion, she obtained new

employment and was trying to close her law firm. However, she requested an extension of sixty days to file the brief in this matter because "[s]ignificant time has been expended . . . to review the record, speak with trial counsel, and researching the law in order to write the brief and Lucas Moran would be prejudiced by having to request new court appointed [appellate] counsel." By order issued on April 12, 2016, we granted appellant's third motion to file the brief and ordered the Honorable Deanna Brown Hogan to file the brief on or before May 31, 2016. The Court stated that it "looks with disfavor on the delay caused by counsel's failure to timely file a brief in this matter" and notified her that "[n]o further extensions will be granted absent exigent circumstances." We further stated that if counsel failed to file the brief within the specified period of time, the Court would act appropriately to ensure that appellant's rights are protected. *See id.* R. 38.8(b)(4).

Despite the foregoing, appellant's counsel failed to file the brief. Instead, on June 20, 2016, appellant's counsel filed a motion to abate this appeal "while appellant pursues a federal remedy." We DENY this motion.

We now ABATE this appeal and REMAND the cause to the trial court for further proceedings pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate Procedure. Upon remand, the trial court shall utilize whatever means necessary to make appropriate findings and recommendations concerning the following: (1) whether appellant desires to prosecute this appeal; (2) why appellant's counsel has failed to file a brief and whether counsel has effectively abandoned the appeal; (3) whether appellant has been denied effective assistance of counsel; (4) whether appellant's counsel should be removed; and (5) whether appellant is indigent and entitled to court-appointed counsel.

3

If the trial court determines that appellant does want to continue the appeal, that present counsel should be removed, and that appellant is indigent and entitled to court-appointed counsel, the trial court shall appoint new counsel to represent appellant in this appeal. If new counsel is appointed, the name, address, telephone number, email address, and state bar number of said counsel shall be included in an order appointing counsel.

The trial court shall cause its findings and recommendations, together with any orders it may enter regarding the aforementioned issues, to be included in a supplemental clerk's record. Furthermore, the trial court shall cause a supplemental reporter's record of any proceedings to be prepared. The supplemental clerk's record and supplemental reporter's record, if any, shall be filed with the Clerk of this Court on or before the expiration of thirty days from the date of this order.

It is so ORDERED.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
27th day of June, 2016.

4